## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1926.

(110 So. 68)

No. 25934.

**MAYNARD v. RED RIVER OIL CO., Limited.**

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**Bailment** ⬯31(3).

In action for ginning and delivery to plaintiff of bale of cotton on fire inside, and which, when stored in plaintiff's barn, set fire to other property, evidence *held* not to show defendant's negligence.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Action by P. H. Maynard against the Red River Oil Company, Limited. From a judgment rejecting plaintiff's demand, plaintiff appeals. Affirmed.

B. T. Dawkins, of Alexandria, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee.

BRUNOT, J. This is a suit for damages resulting from the alleged ginning and delivery to plaintiff of a bale of cotton which was on fire on the inside and which was stored in plaintiff's barn, where it ignited other cotton, loose hay, etc., and destroyed property belonging to plaintiff which he values at $6,099.39. The prayer of the petition is for a judgment against the defendant for that sum, with legal interest from judicial demand and for costs. The case was tried and a judgment was rendered rejecting plaintiff's demand. This appeal was taken from that judgment.

The petition alleges that the defendant was negligent in permitting the bale of cotton to catch' on fire; that its machinery was defective; that its employees were careless

and negligent in their operation of the gin, and in permitting plaintiff's employee to remove the cotton from the gin while it was on fire.

It is not necessary to review the testimony. It is not proven by a fair preponderance of the evidence that the barn was set on fire by the bale of cotton, as alleged in the petition. The facts which are established by a preponderance of the evidence are, that V. A. Lacour, and his son, who were in the employ of the plaintiff, both of whom admit that they were cigarette smokers, loaded the cotton on Lacour's wagon on plaintiff's plantation, directly from the cotton house to the wagon by means of baskets; that Lacour rode on top of the cotton from the plantation to the gin; that while the cotton was being ginned a fire was discovered in the press; the gin was stopped, and, on investigation, it was found that there were three matches in the gin stand which had become ignited. The fire was extinguished and the ginning proceeded with. After the cotton was pressed and rolled out on the platform, Lacour discovered that there was fire in the bale. He, with defendant's employees, attempted to extinguish the fire. He thought he had succeeded in doing so, but the employees of defendant were not so certain, and they advised Lacour to leave the bale of cotton on the yard and they would look after it. Lacour ignored this request, took the cotton to plaintiff's barn, stored it therein with other cotton, hay, etc., and omitted to inform the plaintiff of what had transpired. It is also shown that defendant thought it was ginning Lacour's cotton, and it was ignorant of the fact that the cotton belonged to the plaintiff. It actually settled with Lacour for seed, as the owner of the cotton. It is also shown that the gin machinery was in perfect condition, and the preponderance of proof so clearly shows that there was no negligence on the part of the employees of defendant that we cannot see how the district judge could have arrived at any conclusion other than that announced in his judgment.

The judgment appealed from is therefore affirmed, at appellant's cost.